OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

24 April 2006

United States District Court
Eastern District of California
501 I Street, Suite. 4-200
Sacramento, CA 95814

Re: MDL 05-1699 In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

Title of Case(s)
*Barbara Hacker -v- Merck & Co., Inc., et al*

Your Case Number(s)
*C.A. No. 2:05-2193*

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the **original record** and **a certified copy of the docket entries** in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Rufino Santos

If the case is an electronic case filing, please forward the PDF documents, as separate PDF files, including a copy of the docket sheet, to the above email address or, if you prefer, on a disc. We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*R.C. Santos*

By: Rufino Santos
Deputy Clerk

Encl.

A CERTIFIED TRUE COPY

APR 13 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 13 2006

FILED
CLERK'S OFFICE

APR 24 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DOCKET NOS. 1657 & 1699

M 05-cv-1699 CRB

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

*IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

**BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### ORDER OF TRANSFER WITH SIMULTANEOUS SEPARATION, REMAND AND TRANSFER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 41 actions listed on Schedule A to vacate the Panel's orders conditionally i) transferring these actions involving the prescription medication Vioxx (manufactured by Merck & Co., Inc. (Merck)) to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in MDL-1657; ii) simultaneously separating and remanding claims in these actions relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to their respective transferor districts; and iii) transferring the resulting Bextra/Celebrex actions to the Northern District of California for inclusion in MDL-1699 pretrial proceedings. Defendants Pfizer, Pharmacia Corp., G.D. Searle LLC and Merck oppose these motions and urge effectuation of the Panel's orders.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) actions in MDL-1699 similarly centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005). Likewise, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. See *In re Bextra and Celebrex Marketing, Sales Practices and Products*

---

* Judges Hodges and Motz took no part in the decision of this matter.

# Schedule A

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

### Eastern District of California

*Barbara Hacker v. Merck & Co., Inc., et al.*, C.A. No. 2:05-2193
*Christopher Leeson v. Merck & Co., Inc., et al.*, C.A. No. 2:05-2240

### Western District of Kentucky

*Rhoda Overstreet v. Merck & Co., Inc., et al.*, C.A. No. 3:05-561
*Randall R. Jackson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562
*Bonnie Mullins, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-577
*Ernest D. Weber, Jr., et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-623
*Robert Manley, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-656
*Harold Thomas, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-669
*Joan O'Bryan, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-681
*Doyle A. Coen, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-682
*Johnnie Anderson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-685
*Galen Noe, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-700
*Cathy Groce Stearns, etc. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-710
*Natella Kaye Cox v. Merck & Co., Inc., et al.*, C.A. No. 3:05-716
*Robert Sampson v. Merck & Co., Inc., et al.*, C.A. No. 3:05-722
*Douglas Adams, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-723

### Eastern District of Missouri

*Lonnie Case v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1562
*Jessie Abbott v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1563
*Bertha Armstead v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1564
*Berlin Jenkerson v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1565
*David Wagner v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1590
*John Kaczmarczyk v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1592
*Jerry M. Dance v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1666
*Doris Crenshaw v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1669
*Jeanette Lasky v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1741
*Francesca A. Salmieri v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1744
*Vincent Calamia v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1746
*Thomas Kasper v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1747
*Bernadean Acreman v. Merck & Co., Inc, et al.*, C.A. No. 4:05-1748
*Josephine Tourville v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1750
*Jacqueline M. Lawrence v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1751
*Adele Anthon v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1752
*James B. Elgin, Jr. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-1753